UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

DWAYNE PULLIAM,

Defendant.
-----------------------------------------------------------X

**OPINION AND ORDER**

7:24-CR-00377 (PMH)

PHILIP M. HALPERN, United States District Judge:

By letter dated June 3, 2026, Defendant Dwayne Pulliam, proceeding *pro se*, wrote to the Court stating that the goal of his letter was to "preserve [his] right to appeal." (Doc. 114). Among other arguments, Defendant also raises claims of ineffective assistance of counsel. (*Id.*).

On May 19, 2026, the Court sentenced Defendant to a total term of life imprisonment. (Doc. 112). On May 28, 2026, Defendant's trial attorneys filed a timely Notice of Appeal on his behalf from his conviction and sentence. (Doc. 113). "A filed notice of appeal carries jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. White*, No. 22-2307-cr, 2024 WL 5103317, at *4 (2d Cir. Dec. 13, 2024) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Accordingly, the Court does not have the authority to rule on any issues that are the subject of Defendant's pending appeal.

To the extent Defendant seeks to bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack, the motion is premature. "[T]here is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (emphasis in original). Nonetheless, "habeas petitions filed before the petitioner has

exhausted his direct appeal are generally considered premature." *Wall v. United States*, 619 F.3d 152, 154 (2d Cir. 2010) (citing *United States v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984)). Accordingly, Defendant's motion under 28 U.S.C. § 2255 is denied without prejudice to refiling it after the Second Circuit resolves his appeal.

## CONCLUSION

For the foregoing reasons, Defendant's motion under 28 U.S.C. § 2255 is denied without prejudice. Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Defendant at # 14114-056, MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232.

**SO ORDERED.**

Dated: White Plains, New York
      June 16, 2026

_____
Philip M. Halpern
United States District Judge

2